**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Blaise DAVERIN, Defendant–Appellee.**

**No. 98SA329**

Supreme Court of Colorado, En Banc.

Nov. 16, 1998.

Wyatt B. Angelo, District Attorney, Seventh Judicial District, Barbara J. Sanford, Deputy District Attorney, Montrose, for Plaintiff–Appellant.

David F. Vela, Colorado State Public Defender, Les S. Downs, Deputy State Public Defender, Montrose, for Defendant–Appellee.

Justice KOURLIS delivered the Opinion of the Court.

On February 10, 1998, a state trooper in Montrose County stopped and searched a pick-up truck driven by Blaise Daverin, the defendant in this action. The trooper found a pipe and a small amount of marijuana in the passenger compartment of the truck, and subsequently discovered a significant quantity of marijuana in the truck bed. After the filing of charges, Daverin filed a motion to suppress all evidence seized in the search, alleging that the warrantless search of the vehicle was illegal. The trial court concluded that there was no probable cause to conduct the search of the vehicle, and suppressed the

evidence. The People then filed this interlocutory appeal, pursuant to C.A.R. 4.1.

We now conclude that the initial investigatory stop of the vehicle was permissible; that the subsequent arrest of the passenger of the vehicle was by authority of warrant; and that the search of the passenger compartment of the vehicle was a valid search incident to the arrest of the passenger. Once the state trooper found the marijuana pipe in the search of the passenger compartment, he had probable cause to search the rest of the vehicle. Hence, we reverse the trial court's suppression of the evidence and remand the case for further proceedings.

## I.

Blaise Daverin was driving a Ford Ranchero pick-up truck northbound on Colorado Highway 550 from San Juan County into Montrose County on February 10, 1998. Douglas Ertz was a passenger in the vehicle. State Trooper S.D. Nowlin stopped the vehicle outside of Durango for speeding. Nowlin discovered a warrant for the arrest of Ertz, which indicated that Mesa County would only transport an arrestee within a one-hundred mile radius of that county.[1] Because the location of the first stop was not within one hundred miles of Mesa County, Nowlin did not attempt to arrest Ertz. The vehicle proceeded north with Daverin driving.

Trooper Nowlin notified law enforcement agencies north of San Juan County of the vehicle's direction of travel and of the warrant for Ertz. As the trial court noted in its opinion, Nowlin also indicated that the vehicle might be involved in drug trafficking. Approximately two hours later, another state trooper stopped the vehicle in Montrose County, within one hundred miles of Mesa County. State Trooper B.E. Demers confirmed the existence of the warrant, and proceeded to arrest Ertz. Once he had handcuffed Ertz, he placed him in the front seat of the patrol vehicle.

Trooper Demers informed Daverin that he intended to search the vehicle, incident to the arrest of Ertz. Daverin objected. Trooper Demers testified at the motions hearing that Daverin told him that he did not want to get into any trouble because of "a little marijuana" in the car.

Once he commenced the search, Trooper Demers found a pipe between the passenger seat and the driver's seat containing what appeared to be marijuana. The trooper sniffed the substance in the pipe, and Daverin said, "It ain't tobacco." Trooper Demers then proceeded to search the bed of the pickup, where he found eleven bags of marijuana in a cooler. He found another smaller bag of marijuana under the driver's seat.[2]

Daverin was charged with marijuana possession with intent to distribute, section 18–18–406, 6 C.R.S. (1998); possession of eight ounces or more of marijuana, section 18–18–406, 6 C.R.S. (1998); controlled substance/special offender/importation, section 18–18–407, 6 C.R.S. (1998); driving under restraint, section 42–2–138, 11 C.R.S. (1998); and no proof of insurance, section 10–4–705, –716, 3 C.R.S. (1998).

Daverin filed a motion to suppress all evidence obtained as a result of the search, alleging that the warrantless search violated his rights under the Fourth Amendment. The trial court granted the motion to suppress, concluding that Trooper Demers had no probable cause to search the vehicle. The People now appeal the decision of the trial court, arguing that Demers had probable cause to stop the vehicle based on the warrant for Ertz, that Demers's subsequent search of the vehicle was a valid search incident to arrest, and that when Demers found the pipe in the passenger compartment of the pick-up, he was justified in searching the entire truck. We agree.

## II.

■ The Fourth Amendment to the United States Constitution protects "the right of

---

1. The warrant apparently contained a geographical limit for cost-control purposes. The Mesa County law enforcement officials did not wish to be responsible for bearing the costs of transporting a defendant from beyond a 100-mile radius. Issues concerning the propriety or enforceability of such a limitation are not before us, and we therefore do not comment on them.

2. The total amount of marijuana was 5487 grams, or approximately 12 pounds.

the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless search or seizure conducted by a state official is per se unreasonable unless it falls under a "specifically established and well delineated exception." *People v. Savedra*, 907 P.2d 596, 598 (Colo.1995) (citing *Mincey v. Arizona*, 437 U.S. 385, 390, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978)).

▮ The police do not need a warrant, for example, to conduct an investigatory stop in order to confirm or dispel suspicions of criminal activity by questioning a suspect. *See People v. H.J.*, 931 P.2d 1177, 1180 (Colo. 1997) (citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). The validity of an investigatory stop depends upon whether, considering the totality of the facts of which the officer is aware at the time of the encounter and the rational inferences from these facts, the officer has a "reasonable suspicion of criminal activity [sufficient] to justify the intrusion into the defendant's personal security." *People v. Rodriguez*, 945 P.2d 1351, 1359 (Colo.1997) (quoting *People v. Thomas*, 660 P.2d 1272, 1274 (Colo.1983)).

▮ In this case, Trooper Nowlin initially stopped Daverin's vehicle near Durango because it was speeding. Thus, he was conducting a clearly permissible investigatory stop because he had a reasonable suspicion that Daverin was violating the law. *See H.J.*, 931 P.2d at 1180–81. In the course of questioning Daverin and Ertz, he learned of the existence of the warrant for Ertz's arrest.[3] Although Nowlin did not arrest Ertz because he was not within the geographical ambit mentioned in the warrant, Nowlin notified other officers of the warrant and of the vehicle's route of travel so that a proper arrest might eventually take place. Thus, when Trooper Demers stopped the vehicle, he had probable cause for the stop, and his arrest of Ertz pursuant to the warrant was proper. *See generally Evans v. Simonet*, 699 P.2d 1337, 1339 (Colo.1985) (concluding that verified information from fellow officers that a warrant had been issued for the arrest of an accused fugitive was sufficient to support an arrest and detention prior to the issuance of a formal requisition by the demanding state).

▮ Another well-recognized exception to the warrant requirement is a search undertaken incident to a lawful arrest. *See, e.g., Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Both the United States Supreme Court and this court have concluded that this exception permits the police to conduct a search of the passenger compartment of a vehicle incident to the lawful arrest of an occupant of that vehicle. *See New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *Savedra*, 907 P.2d at 598. The search need not be limited to items that are in plain view of the investigating officer. *See Belton*, 453 U.S. at 460–61, 101 S.Ct. 2860 (concluding that the officer may search any containers within the passenger compartment, regardless of whether they are open or closed).

The purposes justifying a warrantless search incident to a lawful arrest are: (1) to ensure the safety of the arresting officer; and (2) to preserve easily concealed or destructible evidence. *See Savedra*, 907 P.2d at 599–600. These concerns are applicable regardless of whether the officer arrests the driver or a passenger of the vehicle. Indeed, this court has held specifically that the search-incident to arrest exception applies to the arrest of a passenger as well as to the driver, and pertains even if the subject has already been removed from the vehicle. *See H.J.*, 931 P.2d at 1183 (upholding the seizure of a handgun that police found in a car while performing a search incident to the arrest of a passenger who had already been taken into custody).

▮ In this case, the chain of events supported the officers' actions. First, Trooper Nowlin validly stopped Daverin for speeding in San Juan County. During that stop, he learned of the warrant. Next, Trooper Demers validly arrested Ertz pursuant to the warrant in Montrose County. Therefore, under *Belton* and *H.J.*, his search of the passenger compartment of Daverin's car was

---

**3.** Daverin does not challenge the validity of the means by which Nowlin discovered the existence of the outstanding warrant for Ertz's arrest. Therefore, we do not address that issue.

reasonable under the Fourth Amendment as a search incident to arrest. Demers's discovery of the pipe and the substance that appeared to be marijuana during the course of that search provided probable cause for the subsequent search of the bed of the truck.[4]

 Daverin complains that the search incident to Ertz's arrest was merely a pretext, and that Demers's search of the truck was a response to Nowlin's advisement that Daverin's vehicle might be involved in the transport of drugs. This court has held, however, that an officer's subjective intent is not dispositive of the validity of a search. "What is determinative is whether the purpose of the intrusion was objectively reasonable in light of the circumstances confronting the officer at the time of the search." *People v. Altman,* 938 P.2d 142, 146 (Colo.1997). Demers's search was reasonable because he had an objective basis for the search, consistent with the purposes of a search incident to arrest, which are to protect law enforcement and to preserve evidence. *See Savedra,* 907 P.2d at 599–600. Any subjective belief Demers may have harbored prior to the arrest and search that Daverin was transporting illegal drugs does not render the stop pretextual given the objective facts supporting his actions. *See Altman,* 938 P.2d at 146.

### III.

Trooper Demers's discovery of the marijuana in Daverin's truck resulted from a series of events that satisfied the constraints of the Fourth Amendment. We therefore reverse the trial court's suppression of the evidence. The case is remanded for further proceedings consistent with this opinion.

---

4. "In the case of a search, probable cause means reasonable grounds to believe that contraband or evidence of criminal activity is located in the area to be searched." *People v. Melgosa,* 753 P.2d 221, 225 (Colo.1988).

In addition to the physical evidence of the pipe and trace amounts of marijuana that Demers found in the passenger compartment, Daverin's statements admitting the presence of marijuana in the car provided grounds for Demers to believe that he would find contraband in the truck bed. Indeed, statements referring to "a little marijuana" and clarifying that a substance in a pipe "ain't tobacco" may well have independently supported probable cause, though we need not reach that issue here.