**The PEOPLE of the State of Colorado, Plaintiff–Appellant**

v.

**Angela Ruth McDANIEL, Defendant–Appellee.**

No. 07SA36.

Supreme Court of Colorado, En Banc.

June 25, 2007.

Don Quick, District Attorney Seventeenth Judicial District, Michael J. Milne, Senior Deputy District Attorney, Brighton, Colorado Attorneys for Plaintiff–Appellant.

Timothy Kelly & Assoc., LLC, Timothy Kelly, Denver, Colorado, Attorneys for Defendant–Appellee.

Justice RICE delivered the Opinion of the Court.

■ The prosecution appeals an order by the Adams County District Court suppressing evidence seized from the defendant's vehicle along with the defendant's subsequent incriminating statements. The trial court held that, while there was probable cause to arrest the defendant for violation of a misdemeanor, there was no probable cause to arrest the defendant for a felony, and accordingly, any search incident to the arrest was unconstitutional. We disagree and, therefore, reverse the suppression order. The Fourth Amendment to the United States Constitution does not prohibit a police officer from undertaking a search of a motor vehicle during an investigatory stop if the officer reasonably believes that the suspect may be dangerous and may have access to a weapon. *People v. Altman*, 938 P.2d 142, 146 (Colo. 1997).

## I. Facts and Procedural Background

At approximately 3 a.m. June 25, 2005, an officer from the Westminster Police Department was assisting in the investigation of a possible burglary when she observed defendant's vehicle parked in the middle of a residential street. The officer also observed a man on a bicycle standing next to the vehicle. The man appeared to be reaching inside the vehicle and exchanging an object with the driver of the vehicle.

The officer activated her emergency lights and spotlight and attempted to contact the driver of the vehicle. As soon as the officer turned on the lights, the individual on the bike turned away from the vehicle and started to ride away. At the same time, the driver of the vehicle began to drive northbound. Thinking that the driver of the vehicle and bicyclist might have had something to do with the burglary, the officer yelled at both the bicyclist and the driver to stop so she could talk with them which they did.

The officer told the bicyclist and the defendant that their actions were suspicious in light of the possible burglary nearby. In addition, the officer told the defendant that she was being stopped for a traffic violation, namely impeding the flow of traffic. Upon the officer's request, the defendant was able to produce her license and vehicle registration, but was not able to produce proof of insurance.

The officer returned to her patrol car to check on the defendant's driver's license. At that time, she saw the defendant lean forward in the vehicle and disappear completely from the officer's line of sight. The defendant remained out of sight for a period of time, which caused the officer to be concerned for her safety. As a result, the officer returned to the driver's side of the defendant's vehicle to see the defendant looking into a small purse. The defendant told the officer she was looking for her insurance papers.

The defendant was then asked to step out of her vehicle and to give the officer consent to search both the vehicle and the purse. The defendant consented to the search but later, at the motions hearing, she claimed that she only consented to the vehicle search and not the search of her purse. During the course of the search, the officer located two small plastic baggies that contained a crystal substance, which in the field tested positive for the presence of amphetamine. The defendant was then taken into custody for the possession of a controlled substance. She later admitted that the two plastic baggies were hers and that the substance in them was methamphetamine.

The defendant was charged with possession of more than a gram of a schedule II controlled substance, in violation of section 18-18-405(1),(2)(a)(I)(A), C.R.S. (2006), a class four felony. She pled guilty to a lesser charge of possession of a schedule V drug, a class one misdemeanor and was placed on probation. Thereafter, defendant filed a postconviction motion for relief pursuant to Crim. P. 35(c), asking that the defendant be allowed to withdraw her guilty plea. This motion was granted and a trial was set on the possession charge. Prior to trial, defendant filed a motion claiming that the evidence seized should be suppressed because the arresting office lacked a reasonable, articulable suspicion to contact the defendant.

After a hearing, the district court made very limited findings of fact and conclusions of law. The court first found that the officer had probable cause to issue a traffic citation to the defendant for impeding traffic.[1] In addition, the officer could have issued citations for no proof of insurance and impeding traffic or could have arrested the defendant for no proof of insurance.[2] However, the trial court found that the officer lacked probable cause with respect to any other offense and therefore the search of the vehicle and purse was invalid.[3] The trial court granted the motion to suppress.

## II. Standard of Review

■■ "In reviewing a suppression order, this court defers to the trial court's findings of historical fact and will not disturb those findings if they are supported by competent evidence in the record." *People v. McClain*, 149 P.3d 787, 789 (Colo.2007). This Court will review the record and "determine whether the evidence before the lower court adequately supported the district court's ultimate legal conclusion." *People v. D.F.*, 933 P.2d 9, 14 (Colo.1997).

■■ We also review de novo whether the trial court applied the correct legal standard, considering the totality of the circumstances. *See People v. Syrie*, 101 P.3d 219, 221–22 (Colo.2004). Thus, we essentially ex-

amine the "interrelationship between the evidentiary facts of record, the findings of the trial court, and the applicable legal standards in review of the lower court's conclusion of law." *D.F.*, 933 P.2d at 13.

## III. Analysis

The defense contends that the defendant was improperly seized by the officer in this case and, therefore, the subsequent search of the defendant's vehicle was illegal. The defense requests that the results of this search be suppressed.

### A. Valid Seizure

■■ Police are entitled to conduct an investigatory stop of a motorist if they have reasonable suspicion that the motorist has committed a traffic violation. *People v. Ramos*, 13 P.3d 295 (Colo.2000); *People v. Altman*, 938 P.2d 142, 145 (Colo.1997). Here, the officer testified that the defendant was parked in the middle of the street and that her vehicle was impeding traffic. The trial court acknowledged that the officer had probable cause to cite the defendant for impeding traffic. The record supports the reasonable conclusion that the defendant may have been committing a traffic offense when the officer undertook the investigatory stop.[4] Thus, the investigatory stop of the

---

1. From the Reporter's Transcript (Motion's Hearing):
   THE COURT: The Court finds that the officer may have had probable cause to issue a traffic citation for impeding traffic when she spotted [defendant's] vehicle on Bryant Street in the northbound direction. (R. Vol.II, 76.)

2. From the Reporter's Transcript (Motion's Hearing):
   THE COURT: The officer could ask the driver for her license and proof of insurance and registration. She found the driver had no proof of insurance. She certainly could have issued her a citation at that point for no proof of insurance, impeding traffic or she could have arrested her, I suppose, for no proof of insurance. (R. Vol.II, 77.)

3. From the Reporter's Transcript (Motion's Hearing):
   THE COURT: But [the arresting officer] had no other articulable suspicion upon which to proceed as she did proceed.... [The defendant] was seized. She was probably seized at

the time that the police officer's spotlight went on.... The officer saw nothing being transferred between the gentleman on the bicycle and the motor vehicle. There has to be a specific reason for suspecting criminal activity occurs and there was none in this case. I'm going to have to grant the motion to suppress." (R. Vol.II, 77.)

4. Section 42–4–1202(1), C.R.S. (2006) provides: "No person shall stop, park, or leave standing any vehicle, either attended or unattended, outside of a business or a residential district, upon the paved or improved and main-traveled part of the highway." Section 42–4–1205(1), C.R.S. (2006) provides: "Except as otherwise provided in this section, every vehicle stopped or parked upon a two-way roadway shall be so stopped or parked with the right-hand wheels parallel to and within twelve inches of the right-hand curb or as close as practicable to the right edge of the right-hand shoulder."

defendant was valid and there is no illegal seizure of the defendant.

## B. Valid Search

■ During a valid investigatory stop, "an officer may also search those areas of a vehicle's passenger compartment in which a weapon may be placed or hidden." *Altman*, 938 P.2d at 145. The police officer must first "possess[ ] a reasonable belief based on specific and articulable facts that the suspect is dangerous and may gain immediate control of weapons." *Id.* at 146. In *Altman*, this Court held that a state trooper had a reasonable belief in the defendant's dangerousness because the defendant bent over in his seat and made motions toward the bottom of his seat. *Id.* at 144.

■ In this case, the man on the bicycle near the vehicle became verbally aggressive to the point that the contacting officer called for back-up. In addition, the defendant ducked down in her vehicle out of sight of the contacting officer while the officer was in her patrol car running a check on the defendant's vehicle. The officer became concerned when the defendant did not immediately sit upright and instead was hidden from view for a period of time. The officer testified that she was afraid that the defendant was possibly reaching for a weapon. Because of the officer's concern for safety, the officer asked the defendant to exit the vehicle and consent to a search of the front seat of the vehicle and the purse. Therefore, the search of the vehicle and the purse was valid because the officer had a reasonable belief based on articulable facts from the defendant's behavior that the defendant could have been trying to gain control of a weapon.

## IV. Conclusion

The trial court erred by suppressing the results of the officer's legal search because the investigatory stop was valid and the search of the defendant's vehicle was based on articulable facts based on the defendant's own actions. For the forgoing reasons, we reverse the trial court's suppression order.