The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

David Lee MARQUEZ, Defendant–Appellee.

No. 08SA186.

Supreme Court of Colorado, En Banc.

Nov. 3, 2008.

Mitchell R. Morrissey, District Attorney, 1st Judicial District, Evan W. Jones, Deputy District Attorney, Denver, Colorado, Attorneys for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Blake J. Renner, Deputy State Public Defender, Denver, Colorado, Attorneys for Defendant–Appellee.

Justice HOBBS delivered the Opinion of the Court.

The prosecution brought this interlocutory appeal pursuant to C.A.R. 4.1, challenging the trial court's suppression of a handgun the police discovered when searching a vehicle in which the defendant, David Lee Marquez, was a passenger. The police stopped the vehicle on reasonable suspicion of exceeding the speed limit. The police arrested the driver on an outstanding warrant and searched the vehicle, discovering the gun in the back seat Marquez had been occupying.

In this prosecution against Marquez for possession of a weapon by a previous offender, the trial court suppressed the gun as the fruit of the police's illegal seizure of Marquez. We disagree. We hold that the police discovered the gun during a lawful search of the vehicle incident to the driver's arrest. The trial court erred in suppressing evidence of the gun; it was not the fruit of an illegal seizure of Marquez.

## I.

On December 19th, 2007, around seven o'clock p.m., Marquez was a passenger in the back seat of a white Mercedes SUV traveling on Alameda Avenue in Denver. Utilizing his radar gun, police officer Michael Wyatt clocked the vehicle traveling at a speed of fifty-four miles per hour in a thirty-five mile-per-hour zone. He activated his emergency lights and stopped the vehicle. Wyatt approached the driver's side window of the vehicle and observed three people inside the vehicle: a female driver, a front seat passenger, and a backseat passenger, Marquez.

The driver informed Wyatt that she did not have a driver's license. Leaving the driver and the passengers seated in the vehicle, Wyatt returned to his patrol car and ran a check for active warrants. The driver had an active warrant outstanding for failure to appear in Montrose County Court on a traffic charge. Wyatt called for back-up police support and returned to the vehicle about four to five minutes into the stop to arrest the driver and impound the vehicle. Wyatt requested the driver to step out of the car, and arrested her. Back-up officers arrived.

The police asked the two passengers to exit the vehicle and sit on a nearby curb while they searched the vehicle. They did not handcuff either of the passengers. During the search, the police found a handgun on the back seat under a jacket belonging to the front seat passenger, who had asked for it because he was cold. The police then arrested both passengers.

Marquez moved for suppression of the gun in the trial against him. The trial court granted the suppression order, ruling that discovery of the gun had resulted from an illegal seizure of Marquez. We disagree, and reverse the suppression order.

## II.

We hold that the police discovered the gun during a lawful search of the vehicle incident to the driver's arrest. The trial court erred in suppressing evidence of the gun; it was not the fruit of an illegal seizure of Marquez.

### A. Standard of Review

When reviewing a trial court's suppression order, we defer to the trial court's findings of fact if supported by evidence in the record. *People v. Pacheco*, 175 P.3d 91, 94 (Colo.2006). We review the trial court's legal conclusions de novo under the totality of the circumstances. *Id.*

The Fourth Amendment of the United States Constitution guarantees "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches or seizures." U.S. Const. amend. IV; *accord Terry v. Ohio*, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *People v. Daverin*, 967 P.2d 629, 631 (Colo.1998). A warrantless police search "is per se unreasonable unless it falls under a specifically established and well delineated exception." *Daverin*, 967 P.2d at 631; *accord People v. Savedra*, 907 P.2d 596, 598 (Colo.1995); *see also Terry*, 392 U.S. at 20, 88 S.Ct. 1868 ("the police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure ...").

A vehicle search incident to a lawful arrest of an occupant is an exception to the warrant requirement. *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *People v. Kirk*, 103 P.3d 918, 922 (Colo.2005). To determine its legality we conduct a two-part inquiry to determine (1) whether there has been a lawful arrest, and (2) whether the person arrested was an occupant of the vehicle. *Savedra*, 907 P.2d at 599; *see New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

Incident to a lawful vehicle stop and arrest of an occupant, the police may search the entire passenger compartment of the vehicle for weapons. *Savedra*, 907 P.2d at 598–99. Such a search is justified as necessary to (1) ensure the safety of the police, and (2) preserve easily concealed or destructible evidence. *Daverin*, 967 P.2d at 632.

In *Daverin*, we held that this exception is "applicable regardless of whether the officer arrests the driver or a passenger of the vehicle." *Id.; accord People v. H.J.*, 931 P.2d 1177, 1183 (Colo.1997) (upholding the seizure of a handgun that police found in a car while performing a search incident to the arrest of a passenger who had already been taken into custody). The authority to search the passenger compartment incident to arrest is automatic; it does not depend upon the specific facts of each case. *H.J.*, 931 P.2d at 1183; *see also Savedra*, 907 P.2d at 598–99 (noting that the arrest must be lawful).

### B. Application to this Case

First, we uphold the trial court's findings that (1) the police lawfully stopped the vehicle for reasonable suspicion of a speed limit violation, and (2) the police lawfully arrested the driver on an outstanding warrant.

The trial court's findings of fact, to which we defer because they are based on evidence in the record, demonstrate that the police lawfully stopped the car and arrested the driver. The trial court found as follows:

> The court finds that clearly there was reasonable grounds to ... stop this white SUV for driving at an excessive speed. He obviously had reasonable grounds to

stop that car and conduct a brief investigation to determine whether there was grounds to make an arrest of the driver. He did so and there was certainly grounds to arrest the driver for driving in excess of the posted speed limit as well as arrest for Failure to Appear warrant.

The record also demonstrates that the police found the gun under a jacket while searching the back seat of the car incident to the driver's arrest.

■ Thus, the discovery of the gun by the police was made pursuant to a lawful search. *See Savedra*, 907 P.2d at 598 (noting the police must make a lawful custodial arrest before a search incident to arrest is constitutional). While the trial court correctly ruled under *Brendlin v. California*, 551 U.S. 249, 127 S.Ct. 2400, 2406–07, 168 L.Ed.2d 132 (2007), that a passenger in a vehicle has standing to contest the legality of a police vehicle stop, it erred in concluding that the discovery and seizure of the gun was the product of an illegal police seizure of Marquez.[1]

■■ Reasonable suspicion of a traffic violation is sufficient to support a lawful investigatory stop. *Daverin*, 967 P.2d at 631–32; *People v. McDaniel*, 160 P.3d 247, 250 (Colo.2007). Here, the police had reasonable suspicion that the vehicle was speeding. Thus, the initial stop was reasonable. In addition, the police directed Marquez and the other passenger to exit the vehicle and sit on the curb while they searched the vehicle after the lawful arrest of the driver, a reasonable precaution for officer safety. Directing a passenger to exit the vehicle during a traffic stop while the police conduct a search

is not an unreasonable seizure of that person; such a holding, were we to make it, would eviscerate the long-held officer safety and destruction of evidence justifications for such a reasonable intrusion on a person's privacy interest. The police detained Marquez during the search, but this was not an unreasonably intrusive detention of his person in violation of a reasonable expectation of privacy.

The trial court erred in concluding that the discovery of the gun resulted from the illegal seizure of Marquez. To the contrary, it resulted from a search of the vehicle incident to the driver's arrest. The police arrested Marquez for probable cause after discovering the gun on the back seat of the car where he had been sitting. The trial court should not have suppressed this evidence in the pending prosecution against Marquez for possession of a weapon by a previous offender. *Pacheco*, 182 P.3d at 1185 (holding that police reasonably detained the driver and passengers of a vehicle during a lawful investigatory stop and lawfully arrested them when police discovered evidence of a crime in progress).

### III.

Accordingly, we reverse the suppression order and return this case to the trial court for further proceedings consistent with this opinion.

---

1. We do not read *Brendlin v. California*, 551 U.S. 249, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007), as holding that the detention of the occupants of a car during a lawful search of the vehicle amounts to an unlawful seizure. In fact, the Court pointed out that a police officer may, as a precautionary measure, order the driver or an occupant to exit the vehicle while conducting the search. *Id.* at 2407. The Court's decision in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), holds that a search of the vehicle's passenger compartment incident to the lawful arrest of a driver or occupant is reasonable under the Fourth Amendment.